## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-40089-01-DDC |
| VASHAWN FITZPATRICK (01), | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] defendant Vashawn Fitzpatrick's

K.S.A. 22-4401 Request For Mandatory Disposition Of Detainer (Doc. 45), K.S.A. 22-4401

Request For Mandatory Disposition Of Detainer (Doc. 47), K.S.A. 22-4401 Request For

Mandatory Disposition Of Detainer (Doc. 48), and Request For Release (Doc. 69). For the

reasons described below, the court denies Mr. Fitzpatrick's motions for mandatory disposition of

detainer and dismisses his motion for release for lack of jurisdiction.

### I.      Background

On March 28, 2013, Mr. Fitzpatrick pleaded guilty to one count of being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g). On July 1, 2013, the court sentenced

Mr. Fitzpatrick to 60 months in prison and three years of supervised release.

On November 15, 2018, the court ordered Mr. Fitzpatrick's arrest on a petition for

revocation of his term of supervised release. *See* Petition for Warrant or Summons for Offender

---

[1]      Because Mr. Fitzpatrick proceeds pro se, the court construes his filings liberally and holds them
to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106,
1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

Under Supervision (Doc. 41).  Because Mr. Fitzpatrick was in state custody, federal law enforcement officers did not arrest him until he was released from state custody on October 21, 2019.  On December 17, 2019, the court revoked Mr. Fitzpatrick's term of supervised release and sentenced him to 16 months in prison and one year of supervised release.  *See* Judgment In A Criminal Case (Doc. 68) at 2–3.

Mr. Fitzpatrick currently is confined at FCI El Reno in El Reno, Oklahoma.  As of May 6, 2020, no inmates or staff members at this facility have tested positive for COVID-19. *See* BOP, COVID-19 Cases, accessed May 6, 2020, https://www.bop.gov/coronavirus/.  Mr. Fitzpatrick has chronic asthma, which places him at serious risk of severe illness should he contract COVID-19.

## II.   Analysis

In his present motions, Mr. Fitzpatrick seeks two forms of relief.  First, Mr. Fitzpatrick seeks a timely resolution of his supervised release proceeding.  Second, Mr. Fitzpatrick seeks release from prison for his remaining term based on the COVID-19 pandemic.  The court addresses each argument in turn, below.

### A.  Motions Related To Disposition Of Detainer

Liberally construing Mr. Fitzpatrick's motions for disposition of detainer, he claims that federal law enforcement officers must arrest him and pursue revocation of his supervised release within 180 days of the initial petition.  Mr. Fitzpatrick invokes his rights under the Mandatory Disposition of Detainers Act, Kan. Stat. Ann. § 22–4301 *et seq.*, but that state statute does not bind federal law enforcement authorities.  Mr. Fitzpatrick apparently intends to invoke his rights under the Interstate Agreement on Detainers ("IAD"), U.S.Const., Art. I, § 10, cl. 3; which is a

congressionally sanctioned interstate compact within the Compact Clause of the Constitution of the United States.  *Carchman v. Nash*, 473 U.S. 716, 719 (1985).

Initially, the court must deny Mr. Fitzpatrick's motions for disposition of detainer as moot because the court already has entered final judgment in his supervised release revocation proceeding.  And even if not moot, Mr. Fitzpatrick has not shown a substantive violation of the IAD.  While the IAD requires timely disposition of a charge made by an untried indictment, information or complaint, it does not apply to detainers based on petitions to revoke supervised release.  *See id.* at 725 (probation-violation charge is not an "untried indictment, information or complaint" within Article III of IAD); *United States v. Gomez-Diaz*, 415 F. App'x 890, 894–95 (10th Cir. 2011) (IAD "clearly does not apply to supervised release revocation detainers"); *United States v. Romero*, 511 F.3d 1281, 1284 (10th Cir. 2008) ("Parolees . . . have no legal right to receive an immediate hearing on their supervised release revocation.").  Here, Mr. Fitzpatrick was not entitled to a revocation hearing in our court until after he was taken into federal custody on the arrest warrant.  *See Gomez-Diaz*, 415 F. App'x at 895; *see also Romero*, 511 F.3d at 1284 (district court decision to wait to hold a hearing until after prisoner completed state court confinement was not unreasonable).  The court therefore denies Mr. Fitzpatrick's request for relief under the IAD.

### B.  Motion For Release

Mr. Fitzpatrick seeks release based on the COVID-19 pandemic under both the Coronavirus Aid, Relief and Economic Security Act ("CARES Act"), Pub. L. No. 116-136 (enacted March 27, 2020), 134 Stat. 281, and the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A).  For the reasons described below, and based on the present record, the court lacks jurisdiction to grant relief under either provision.

## 1. CARES Act

Before a prisoner's release at the end of his custody sentence, the Director of the Bureau of Prisons ("BOP") may "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). But the recently-enacted CARES Act expands the BOP's discretion in ordering home confinement. It provides: "the Director of [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under . . . [§] 3624(c)(2)." CARES Act, § 12003(b)(2), 134 Stat. at 516.

The CARES Act authorizes the BOP—not courts—to approve home confinement for a remaining term of imprisonment. *United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *2 (D. Kan. Apr. 24, 2020); *see United States v. Read-Forbes*, No. 12-20099-01-KHV, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."). Accordingly, the court dismisses Mr. Fitzpatrick's request under the CARES Act for lack of jurisdiction.

## 2. Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A)

Under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), after considering the factors set forth in section 3553(a) to the extent that they apply, the court may order release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The court has jurisdiction to order relief under the statute, however, only on a motion filed by the BOP or one filed by a defendant after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.

§ 3582(c)(1)(A).  Because Mr. Fitzpatrick does not allege that he has exhausted administrative remedies or that the BOP has failed to act within 30 days of his request to the warden, the court lacks jurisdiction to grant relief under the compassionate release statute.  *Id.*; *see United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (defendant's failure to exhaust administrative remedies "present[ed] a glaring roadblock foreclosing compassionate release" under § 3582(c)(1)(A)).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Vashawn Fitzpatrick's K.S.A. 22-4401 Request For Mandatory Disposition Of Detainer (Doc. 45), K.S.A. 22-4401 Request For Mandatory Disposition Of Detainer (Doc. 47), and K.S.A. 22-4401 Request For Mandatory Disposition Of Detainer (Doc. 48), are denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Vashawn Fitzpatrick's Request For Release (Doc. 69) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 12th day of May, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
